A89A0272. TOIRKENS v. WILLETT TOYOTA, INC.
(384 SE2d 218)

POPE, Judge.
Plaintiffs Alex and Jan Toirkens, husband and wife, negotiated a lease/purchase agreement with defendant Willett Toyota, Inc., for a 1986 Toyota automobile. Plaintiffs were aware when they first examined the automobile that it had been driven approximately 1,600 miles. Defendant's sales agent informed plaintiffs that the automobile had been used as a demonstrator. Defendant offered and plaintiffs purchased a new car warranty. However, the automobile was described as a "used demo" on the face of the lease/purchase agreement signed by plaintiff Alex Toirkens. After plaintiffs took possession of the automobile they learned, in the course of registering it, that the automobile was previously titled to Kurt Williamson, the son-in-law of the owner of defendant Willett Toyota. Plaintiffs brought suit to rescind the contract, alleging fraud and, by amendment to their complaint, brought an action under the Fair Business Practices Act, OCGA § 10-1-390 et seq. Plaintiffs appeal the lower court's grant of summary judgment to defendant.

1. In order to rescind the contract for fraud the plaintiff must show defendant made a misrepresentation of a material fact (OCGA § 23-2-52) or suppressed a material fact which it was under an obligation to communicate (OCGA § 23-2-53). Plaintiffs were fully aware that the automobile had been used as a demonstrator. Nevertheless, the automobile was arguably sold as a "new" car since no price allowance was made in consideration of the fact that it had been used as a demonstrator and since plaintiffs were offered and purchased a new car warranty. That the car had been previously titled would be a material fact only if it affected the status of the car as either "new" or a "used demo."

According to the Used Car Dealers' Registration Act, OCGA § 43-47-1 et seq., a "used car" is defined as "any motor vehicle or car other than [one] which has never been the subject of a retail sale . . . to a consumer for his own use or for resale or to other licensed dealers." OCGA § 43-47-2 (5). According to the statute governing identification

and registration of automobiles, a "new passenger car" is defined as "any passenger car which has never been the subject of a sale at retail to the general public." OCGA § 40-4-1 (2). The undisputed evidence in this case shows that plaintiffs' automobile had been titled to the son-in-law of the owner of defendant car dealership solely for the convenience of the dealership. The title holder did not purchase the car at retail or otherwise but simply held title to the car until such time as the car could be sold. Because the car was never before subject to a retail sale it fit the statutory definition of a new car, not the statutory definition of a used car.[1]

While the status of the title is apparently not an element of the statutory definitions of "new" versus "used" car, it nevertheless might affect whether the car was merely a "used demo" or was, in fact, a "used car" as those terms are commonly understood by consumers. The fact that a car is titled to a third party and not the dealership prior to retail sale raises the possibility that the car was used for a purpose other than a dealership demonstrator. However, the undisputed facts of this case show that the car was not driven for the personal use of the individual to whom it was titled but was used only for demonstration purposes. In fact, according to his undisputed and sworn answers to interrogatories, Kurt Williamson never operated the car. Thus, in this case, the fact that the car was previously titled to a third party and not the dealership does not create an issue of fraud and summary judgment was properly granted.

2. We reject plaintiffs' argument that the lower court erred in granting summary judgment on plaintiffs' "breach of warranty claim." In fact, the record shows plaintiffs brought no claim for breach of warranty.

3. We find no error in granting summary judgment on plaintiffs' claim for violation of OCGA § 10-1-393 (b) (6) contained within the Fair Business Practices Act. According to said statute, it is an unlawful act to represent "that goods are original or new if they are deteriorated, reconditioned, reclaimed, used, or secondhand . . . ." Plaintiffs knew the automobile had been driven approximately 1,600 miles. As discussed in Division 1, above, the automobile was, as a matter of law, not a "used" vehicle. The undisputed evidence shows the incident complained of by plaintiffs was not in violation of the Fair Business Practices Act.

4. Although he was subsequently dismissed, plaintiffs' action was

---

[1] We reject plaintiffs' argument that the definition of a new car is, according to OCGA § 10-1-622 (11), one for which a motor vehicle title has never been issued. Said statute is contained within the Georgia Motor Vehicle Franchise Practices Act, OCGA § 10-1-620 et seq., and thus applies to transactions between automobile manufacturers and their franchisees, not to transactions between car dealers and their retail customers.

originally brought not only against defendant Willett Toyota but also against Kurt Williamson, the person in whose name the automobile was originally titled. Both Williamson and Willett Toyota answered and counterclaimed for abusive litigation. In response, plaintiffs also raised a claim for abusive litigation, the sole ground for which was the refusal of "defendant and defendant's attorney" to supply information about defendant Williamson which was requested informally by correspondence from plaintiffs' attorney to the attorney representing both defendant Williamson and defendant Willett. We first note that the plaintiffs' claim for abusive litigation repeatedly referred to a singular defendant, even though the complaint was brought against multiple defendants. While it is ambiguous, the amended complaint attempting to add a claim for abusive litigation appears, when read in context, to have been brought only against defendant Williamson. Plaintiffs voluntarily dismissed all claims against defendant Williamson and thus the claim for abusive litigation was not pending at the time summary judgment was entered in Willett's favor. Even if plaintiffs' first amendment to the complaint alleged a claim for abusive litigation against defendant Willett, we find it stated no cause of action against defendant Willett and summary judgment was properly granted.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED JUNE 26, 1989.

*David S. Walker, Jr.*, for appellants.
*Troutman Sanders, Lockerman & Ashmore, Stephen Riddell*, for appellee.